IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3333-FL

| | | |
|---|---|---|
| CABIN DWAYNE FIELDER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSHUA D. GREENWOOD, TYRONE BROWN, TERRY DAYE, DEVOAN DURHAM, and DESHAWN BROWN, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to compel discovery responses (DE 31). Defendants responded in opposition and in this posture the issues raised are ripe for ruling.

## BACKGROUND

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on September 6, 2022, alleging claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants used excessive force by physically assaulting him while he was in full restraints. Defendants are correctional officers with the North Carolina Department of Adult Correction. Following a period of frivolity review, the court allowed the action to proceed and appointed North Carolina Prisoner Legal Services, Inc. ("NCPLS") to conduct discovery on behalf of plaintiff pursuant to Standing Order 21-SO-11.

By the instant motion to compel discovery, plaintiff, though NCPLS counsel, requests that the court direct defendants to respond to two of his document requests served pursuant to Federal

Rule of Civil Procedure 34. The requests seek "documents related to disciplinary actions taken against defendants over the past five years related to the use of force against prisoners as well as a copy of all grievances filed by prisoners against defendants over the past three years related to any use of force." (Pl's Mem. (DE 32) at 1). Defendants objected to these requests and refused to produce responsive documents. Attempts at informal resolution were unsuccessful, and plaintiff therefore filed the instant motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), arguing that the documents are relevant to plaintiff's claims and proportional to the needs of the case, and defendants' objections to production are without merit. Plaintiff also requests award of expenses for bringing the motion under Rule 37(a)(5).

Defendants responded in opposition. However, as to the request for disciplinary actions for excessive use of force, as distinct from disciplinary "charges" regarding same, defendants reconsidered their position and determined that they will supplement their production to include any disciplinary actions responsive to this request. (DE 35 at 3 n.1). Accordingly, the only remaining issues are whether defendants wrongfully withheld disciplinary charges or administrative grievances filed against the named defendants alleging excessive use of force, and whether the court should award plaintiff expenses related to the motion to compel.

Finally, the court granted the parties' request to stay the discovery and dispositive motions deadline pending resolution of the instant motion to compel. As set forth below, the court now dissolves the stay and sets new deadlines for completion of discovery and filing dispositive motions.

## COURT'S DISCUSSION

Federal Rule of Civil Procedure 37 provides that when a party fails to respond to discovery requests, the party seeking discovery can move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). When addressing a motion to compel discovery, the trial court holds broad discretion. See LaRouche v. Nat'l Broadcasting Co., Inc., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."); see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.").

The Federal Rules of Civil Procedure permit discovery on "any matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In the context of pretrial discovery, relevance is construed broadly, which further supports inquiry into related complaints of excessive force against defendants. See Oppenheimer Fund. Inc. v. Sanders, 437 U.S. 340, 351 (1978); see also Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 240 (E.D.N.C. 2010). Here, administrative grievances filed by other inmates alleging defendants used excessive force, and disciplinary charges alleging the same, are relevant to plaintiff's claims.

In order to prove an excessive force claim, plaintiff must adduce evidence showing that defendants acted with a "sufficiently culpable state of mind" which in this context is "wantonness in the infliction of pain." Wilson v. Seiter, 501 U.S. 294, 297 (1991); Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). The relevant inquiry is whether the force was applied "in a good faith effort to maintain or restore discipline," or "maliciously" and "for the very purpose of causing

3

harm." Whitley v. Albers, 475 U.S. 312, 320–21 (1986); Brooks, 924 F.3d at 113. The officers' subjective motive may be proved through direct or circumstantial evidence. Dean v. Jones, 984 F.3d 295, 308–09 (4th Cir. 2021); Brooks, 924 F.3d at 114–16.

Prior allegations of excessive use of force, especially if they are numerous or similar to the facts alleged in plaintiff's complaint, could provide circumstantial evidence of defendants' improper motive in the instant case. See Dean, 984 F.3d at 309 ("So whatever the outcome of the Whitley analysis [for assessing the officers' state of mind for the particular use of force], other evidence of an impermissible malicious motive, direct or circumstantial, always will be relevant to the Eighth Amendment inquiry."); see also Mainstreet Collection, 270 F.R.D. at 240 (emphasizing that "during discovery, relevance is broadly construed"). Indeed, defendants have conceded that disciplinary actions against them concerning excessive use of force are discoverable, which itself suggests inmate grievances or disciplinary charges alleging excessive force also are relevant materials. (Defs' Resp. (DE 35) at 3 n.1).[1]

Defendants also argue that producing responsive grievances would be overly burdensome. (Id. at 5). According to defendants, the North Carolina Department of Adult Correction ("DAC"):

> does not exhaustively maintain, index, and/or store inmate grievances or legal complaints by staff member name or subject; therefore, ensuring full compliance with the request would require [DAC] to review literally every single inmate grievance for the past five years (at each facility at which a defendant worked) to

---

[1] The court's determination that such grievances are discoverable is consistent with another recent decision in this district. See Jones v. Appenheimer, No. 5:21-CT-3322-D (E.D.N.C. Jan. 27, 2023) (ECF No. 29). In addition, for the reasons set forth herein, the cases defendants rely on are unpersuasive.

4

determine whether it involves one of the defendants and whether it relates to the use of force, retaliation, or intimidation.

(Id.).

First, plaintiff does not request grievances related to "retaliation" or "intimidation" or documents concerning "legal complaint[s]," and the time period for inmate grievances is three years, not five years. (See Pl's Rule 34 requests (DE 32-2) at 13 (requesting "a copy of all grievances filed against you by other prisoners in the past three years related to any use of force")).[2] Second, defendants have not met their burden of showing that the request is overly burdensome. See Belcher v. Bassett Furniture Indus., Inc., 588 F.2d 904, 907 (4th Cir. 1978) (explaining burden of showing Rule 34 request is unduly burdensome rests with party resisting discovery).

Defendants, for example, do not explain why they cannot load the documents into an electronic platform in order to conduct keyword searching for defendants' names and "excessive force" or related terms. With the standard tools of electronic discovery, "exhaustive" review of every grievance filed at multiple institutions for three years is not required to respond to the instant requests. Importantly, defendants do not suggest they do not have the technical or other resources to conduct such an inquiry. In these circumstances, defendants have failed to establish that compliance with the request is unduly burdensome. See Fed. R. Civ. P. 26(b)(1); Belcher, 588 F.2d at 907 (discussing resisting party's robust showing of undue burden); see also Hillyard Enters., Inc. v. Warren Oil Co., No. 5:02-CV-329-H(4), 2003 WL 25904138, at *4 (E.D.N.C. Feb.

---

[2] The record also does not support defendants' assertion that plaintiff requests grievances filed against two correctional officials who are not named defendants. (DE 32-1 at 13; compare Defs' Resp. (DE 35) at 6). Although the parties did not provide the version of the document requests that defined "you," Rule 34 requests must be served on "parties" to the case, and thus the court construes "you" as referring to the named defendants. See Fed. R. Civ. P. 34(a).

5

18, 2003) (explaining conclusory assertions of undue burden are insufficient to resist producing relevant discovery and noting "affidavits or other reliable evidence" typically is required to show "the nature and extent of the burden").

In sum, the administrative grievances and disciplinary charges are relevant and proportional to the needs of the case, and defendants have failed to establish that producing this discovery is unduly burdensome. The court therefore will grant the motion to compel as to these documents.

Plaintiff also seeks award of expenses, including attorney's fees, for bringing the instant motion. Rule 37(a)(5) provides that where a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, "the court must not order this payment" if the response or objection "was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). A response or objection is substantially justified if there is a "genuine dispute" as to the proper resolution or if "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 565–66 n.2 (1988).

Here, while defendants relied on conclusory and confusing objections in their responses, (see DE 32-2 at 13),[3] the court cannot say that their position is without basis in law or fact.

---

[3] It is well settled that conclusory assertions of undue burden or that the documents are "outside the scope of discovery" are not permitted. See, e.g., Fed. R. Civ. P. 34(b)(2) (requiring responding party to "state with specificity the grounds for objecting to the request, including the reasons" and whether any responsive materials are being withheld on the basis of the objection); (DE 32-2 at 13). In addition, the request is not "incomprehensible" as asserted in the objections. (See DE 32-2 at 13 (asserting request for administrative grievances or disciplinary charges/actions

6

Defendants, for example, provide case law supportive of their relevancy objection in response to the instant motion. (DE 35 at 3–4 (relying on Jones v. Clark, No. 01-40608, 2002 U.S. App. Lexis 28368, *4 (5th Cir. 2002) and other cases)). "Reliance on case law is a relevant consideration in determining whether or not a party's actions during a discovery dispute are justified." Decision Insights, Inc. v. Sentia Grp., Inc., 311 F. App'x 586, 599 (4th Cir. 2009); see also Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir.1997). And to the extent plaintiff relies on defendants' failure to respond to his attempts at informal resolution, the court declines to order payment of expenses in light of counsel's illness as discussed further in defendants' response. (DE 35 at 2–3). Plaintiff's requests for award of expenses therefore must be denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion to compel (DE 31) is GRANTED in part and DENIED in part. The motion is granted to the extent plaintiff seeks an order compelling defendants to produce responsive documents in their possession, custody, or control as to requests for production 10 and 11. Plaintiff's request for award of expenses is denied.

The stay of discovery and the dispositive motions deadline (DE 38) is DISSOLVED. The discovery period is extended to **July 1, 2024,** to allow defendants to supplement their responses to requests for production 10 and 11, and to complete any other pending discovery. Pursuant to Standing Order 21-SO-11 ¶ 9, NCPLS shall file its response to appointment order upon conclusion of the discovery period. Further requests to extend the discovery deadline will be disfavored. All dispositive motions shall be filed by **August 1, 2024**.

---

alleging excessive force against any named defendant is "incomprehensible")).

7

SO ORDERED, this the 24th day of April, 2024.

                                                  LOUISE W. FLANAGAN
                                                  United States District Judge

8

Case 5:22-ct-03333-FL-RJ    Document 39    Filed 04/24/24    Page 8 of 8